# EXHIBIT C

| | |
|---|---|
| CAN IV PACKARD SQUARE LLC,<br>a Delaware limited liability company,<br>Plaintiff,<br>v.<br><br>PACKARD SQUARE LLC, a<br>Michigan limited liability company,<br>Defendant,<br>and<br><br>JERMOR PLUMBING & HEATING, INC.,<br>a Michigan corporation, and GAYLOR<br>ELECTRIC INC. a foreign corporation,<br>Additional Lien Claimant Defendants. | Case No 16-990-CB<br><br>Hon. Archie C. Brown |

| | |
|---|---|
| DICKINSON WRIGHT PLLC<br>J. Benjamin Dolan (P47839)<br>James B. Cunningham (P63131)<br>Ariana F. Pellegrino (P79104)<br>Attorneys for Plaintiffs | John M. Sier (P39336)<br>Yasir Muhammad (P79976)<br>KITCH DRUTCHAS WAGNER<br>VALITUTTI & SHERBROOK<br>Attys for Defendant, Packard Square LLC<br><br>Bruce T. Wallace (P24148)<br>Angela L. Jackson (P53930)<br>HOOPER HATHAWAY PRICE<br>BEUCHE & WALLACE PC<br>Co-counsel for Defendant, Packard Square LLC |

## ORDER APPOINTING RECEIVER

At a session of said Court, held in the City of Ann Arbor, County of Washtenaw, on November 1, 2016,

PRESENT: HON: ARCHIE C. BROWN, Circuit Court Judge

This matter is before the Court upon (1) the Motion for Entry of an Ex Parte Order Appointing Receiver ("Motion") filed by Plaintiff, as well as (2) Brief in Support of Motion, and

(3) Verified Complaint for Receiver and Other Relief, supporting Motion ("Complaint"), (4) Defendant Packard Square LLC having filed a Brief in Opposition; and (5) the Court having held a hearing on October 27, 2016 and the Court being otherwise fully advised in the premises;

A. This action involves the collection of substantial indebtedness due and owing to CAN IV PACKARD SQUARE LLC ("Plaintiff") from PACKARD SQUARE LLC ("Defendant") and the foreclosure of a mortgage given to Plaintiff to secure such indebtedness. The indebtedness is more particularly described in Plaintiff's Complaint, and the debts under such counts in the aggregate are referred to as "Indebtedness."

B. Plaintiff is the holder of a mortgage identified and defined in the Complaint (the **"Mortgage"**) on certain real property described on Exhibit 9 to the Verified Complaint, which is a mixed use structure together with the related easements, privileges and licenses, and the buildings, structures, improvements, fixtures and personal property located thereon and commonly known as Packard Square, Ann Arbor, Michigan (collectively, the "Property").

C. Defendant has defaulted in the performance of its obligations under the Loan Documents identified and defined in the Complaint and Plaintiff has provided notice of such default.

D. Further, Defendant has failed or refused to pay necessary and immediate expenses to preserve and protect the Property, all of which constitutes waste and which jeopardizes the security interest of Plaintiff and other parties having an interest in the Property. In this circumstance, MCL 600.2927 as well as the provisions of the Loan Documents authorize this Court to appoint a receiver.

E. Additionally, the requirements under MCL 570.1122(1) are met in this case, namely:

2

(i) The improvements and construction to the Property are incomplete;

(ii) The Indebtedness due Plaintiff secured by the Mortgage is in default, and, therefore, the Mortgage is in default; and

(iii) Plaintiff, the mortgagee, is likely to sustain substantial loss, if the improvements to the Property are not completed.

F. The Court has given consideration of and acknowledges the parties' nominee to act as Receiver, as required under MCL 570.1122(2) and MCR 2.622.

The Court being duly advised in the premises;

IT IS ORDERED that pursuant to the authority of both MCL 600.2927 and MCL 570.1122, *et seq.*, McKinley, Inc., through its representative Matthew Mason, is appointed to act as Receiver of the Property ("Receiver") in accord with such statutes and the orders of this Court in order to protect the interests of all interested parties in the Property. The Receiver's fee schedule is attached as Exhibit B to the Receiver's Declaration and is approved. Such appointment is effective immediately upon the entry of this Order. Such Receivership shall continue during the pendency of this action or until further order of this Court. The property subject to the Receiver's control is "the Property" which by way of amplification includes all of the following:

(a) The real property identified and defined in the Mortgage and Loan Documents commonly known as 2502-2568 Packard Square, Ann Arbor, Michigan, together with all of the buildings, structures and improvements erected on the Property;

(b) All fixtures of every kind and nature whatsoever located in or upon or attached to, and used or intended to be used in connection with or with the operation of, the Property and any buildings, structures or other improvements thereon;

(c) All machinery, apparatus, equipment, materials, supplies, and articles of personal property located in or upon the Property;

3

(d) All escrowed sums and other property pertaining to the Property, other than any escrowed sums held or controlled by Plaintiff; and

(e) All other property, estate, right, title, interest, and claims as described in the Loan Documents, Mortgages and Notes given by Borrower and affiliated Defendants to Plaintiff, and all claims of Borrower related to the Property, including without limitation all claims related to any insurance or bond relating to the Property.

All of the foregoing is referred to as the Receivership Property.

IT IS FURTHER ORDERED that the Receiver is authorized and directed to take immediate possession and full control of the Receivership Property and to take any and all necessary and appropriate action to effectuate his possession and sole control over same in order to prevent waste and to preserve, secure, safeguard, winterize and complete construction of the Receivership Property.

IT IS FURTHER ORDERED that the Defendant and all of its employees and agents are directed to turn over to the Receiver and agents designated by the Receiver immediate possession of the Receivership Property and all agreements, documents, and records for the construction, marketing, leasing and potential sale of the Receivership Property including, but not limited to, building permits, wetlands permits, plumbing and HVAC drawings, site engineering drawings (for streets, utilities, sanitary sewers, etc.), landscape architectural drawings, soil boring reports, surveys, environmental reports, construction or materials contracts, architectural or design diagrams, building specifications, marketing and leasing materials, brokerage agreements and such other documents as may be requested by the Receiver.

IT IS FURTHER ORDERED that the Receiver shall promptly inspect the Receivership Property and confirm that the conditions of MCL 570.1123(1) have been satisfied and, if so, he may immediately enter into a loan agreement with Plaintiff to borrow funds to winterize,

4

safeguard, and complete construction of the Receivership Property and to lease and potentially sell such property, in accord with the terms of MCL 570.1122, *et seq.*

IT IS FURTHER ORDERED that the Receiver is vested with the power and authority:

(a) Pursuant to MCL 570.1122, *et seq.*, to borrow funds up to a maximum principal amount of $19,691,682.86 subject to terms acceptable to Plaintiff and upon the approval of the Court to, among other things, winterize, safeguard and complete construction of the Receivership Property and the Receiver shall present to the Court for approval a loan agreement, note, mortgage and other security agreements securing the Receiver loan, which loan, secured by a senior, first-priority mortgage on the Receivership Property, and all disbursements and other advancements under the loan shall be senior to all other liens and have a super priority lien position on the Receivership Property as described in more detail below. The Receiver shall not borrow funds from a source other than Plaintiff without the prior further order of the Court upon notice to all interested parties.

(b) To hire a property manager to lease and manage the apartments and manage the retail, as well as to hire a retail leasing agent to lease the retail.

(c) To continue in effect all contracts and agreements presently existing relating to the Receivership Property, and make and enter into contracts or agreements affecting any part of the Receivership Property, and/or terminate any existing contract or agreement which is not beneficial to the Receivership Property.

(d) To pay all real property taxes and assessments now due against the Property, purchase or maintain necessary insurance, and to otherwise maintain, manage, operate, and preserve the Receivership Property.

(e) To incur reasonable out-of-pocket expenses (including, but not limited to, travel expenses) to the extent that same are reasonably and necessarily incurred by the Receiver to carry out the provisions of this Order.

(f) To maintain a separate account with Plaintiff in the Receiver's own name, as Receiver, from which he shall disburse all payments for the purposes authorized in this Order.

(g) To exercise all powers generally available to receivers under the laws of the State of Michigan, under the Revised Judicature Act (MCL 600.2926), and in accord with the terms of this Order, including hiring services of any professional the receiver deems necessary to carry out his duties.

IT IS FURTHER ORDERED that all loan advances made by Plaintiff to the Receiver under the loan, as well as other costs and expenses incurred by the Receiver, for the purposes authorized in this Order shall be made pursuant to the loan agreement as approved by this Court between the Receiver and Plaintiff and the mortgage in favor of Plaintiff fully securing such Receiver loan shall take priority over all other interests, liens, encumbrances or claims of lien under the Construction Lien Act (recorded or unrecorded and regardless of the first date of improvement applicable to such lien claims) against the Property and enjoy a super-priority lien position on the Property. Notwithstanding anything to the contrary contained herein or in the Loan Documents, nothing contained in this Order shall require Plaintiff to loan funds to the Receiver.

IT IS FURTHER ORDERED that all contracts executed by the Receiver shall indicate that he is acting solely in his capacity as Receiver of the Receivership Property.

IT IS FURTHER ORDERED that the Receiver shall provide periodic reports to all

parties, no less than monthly, with respect to the discharge of his duties as Receiver. Such reports for the applicable period shall be subject to approval of the Court. The parties shall have 14 days after receipt of notice of the Receiver Report to file objections. The Receiver will allow the parties, or their respective agents, at reasonable times to examine and inspect the Receivership Property and the Receiver's books and records.

IT IS FURTHER ORDERED that the Receiver shall be reimbursed for his out of pocket expenses, be paid a reasonable compensation during the term of his Receivership pursuant to Exhibit B, and be reimbursed for professional fees incurred in connection with the Receivership. The Receiver shall submit billings to Plaintiff with copies to Defendant and to counsel upon a monthly or other basis as is determined by the Receiver, and the Receiver shall receive payment out of the loan proceeds from the loan with Plaintiff contemplated herein to pay such out of pocket expenses, Receiver fees, and professional fees. The parties shall have 14 days after receipt of notice of the Receiver's billings to file objections. Absent a timely objection, the Receiver's billings shall be deemed approved. If any objection is filed, the Court shall issue an order resolving any such objection and approving the amount of the Receiver's billings.

IT IS FURTHER ORDERED that the appointment of the Receiver shall not conflict with Plaintiff's institution or continuance of foreclosure, if any, of the Mortgage by judicial proceedings, nor shall it affect Defendant's right to defend any such action.

IT IS FURTHER ORDERED that all parties, and all persons acting by, through or under any of them, and all persons receiving notice of this Order, are enjoined from interfering with the possession and operation of the Property, including winterization, completion of construction, marketing, leasing and potential sale of the Property pursuant to MCL 570.1122 *et seq.* by the Receiver and the Receiver's agents and employees.

IT IS FURTHER ORDERED that no person or entity shall file suit against the Receiver or take other action against the Receiver without the express prior authorization of this Court. The Receiver is to have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any creditors of Defendant as a result of his duties as Receiver, or with respect to any of the Receiver's duties hereunder and the Receiver shall not be deemed an owner or operator under any statute establishing environmental liability. The Receiver and its employees, agents, and attorneys shall have no personal liability or obligation and shall have no claim asserted against them in connection with the Receiver's duties under this Order for all actions taken in good faith in reliance upon the terms of this Order. All parties to this action, and all those in active participation or concert with them who receive notice of this Order and all those having claims against the Property who receive notice of this Order are enjoined from interfering with the actions of the Receiver in carrying out his duties under this Order.

IT IS FURTHER ORDERED that unless this Court orders otherwise, this Receivership shall terminate upon the earlier of (1) the recording of a Deed pursuant to any Deed in Lieu Agreement entered into between the parties (2) the expiration of the period of redemption following a Judgment of Foreclosure and Sheriff's Sale of the Property, or (3) a sale of the Receivership Property, with the consent of Plaintiff, in the event the Receiver petitions the Court to utilize the procedure allowed by MCL 570.1122, *et seq.* The Receiver may in his discretion petition this Court to be relieved of his duties in the event he concludes the Receivership ceases to be practical.

IT IS FURTHER ORDERED that the Receiver shall submit his final accounting for approval by this Court within 30 days following the termination of the Receivership. Upon approval of the final accounting, the Receiver shall be discharged from office and his bond

8

cancelled.

IT IS FURTHER ORDERED that no subsequent order amending this Order shall affect the rights of any person or party who has acted to its detriment in reliance upon the provisions of this Order before being advised of such subsequent amendment.

IT IS FURTHER ORDERED that the Receiver shall file a bond in the sum of $20,000 issued by a corporate surety in the usual form of such bonds.

IT IS FURTHER ORDERED that pursuant to MCR 2.604(B), the Court expressly determines there is no just reason for delay. Accordingly, this is a final order on Plaintiff's claim for appointment of a receiver.

This Order may be recorded and/or reference to this Order may be made in another recorded document. This Order does NOT close the case.

IT IS SO ORDERED.

_____
Hon. Archie C. Brown, Circuit Court Judge

## ACCEPTANCE OF RECEIVERSHIP

I accept the duties of the Receiver as set forth in this Order.

_____

Dated: November 7, 2016

9