UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                        Case No. 17-52483

PACKARD SQUARE, LLC,                         Chapter 11

                     Debtor.                             Judge Thomas J. Tucker
_____/

**ORDER FOR INITIAL CHAPTER 11 STATUS CONFERENCE**

       The debtor has filed this Chapter 11 case. Accordingly, IT IS ORDERED that a status conference will be held on **Wednesday, September 27, 2017 at 11:00 a.m.**, in Room 1925, 211 W. Fort Street, Detroit, Michigan. The debtor-in-possession and the attorney for the debtor-in-possession must appear.

       At this conference, the following matters will be addressed:

(1) The appointment and fees of professionals.

(2) The obligations of the debtor-in-possession under Chapter 11.

(3) A deadline for filing a plan.

(4) The issues in the case.

(5) Whether and when motions or adversary proceedings might be filed.

(6) Cash collateral matters.

(7) Whether to use an expedited confirmation procedure in order to reduce delay and expense.

(8) A copy of a <u>Proposed</u> "Order Establishing Deadlines and Procedures" is attached. The debtor's attorney must be prepared to address whether this proposed order should be entered.

       This conference is convened under 11 U.S.C. § 105(d).

       Creditors are invited, but not required, to attend.

       The debtor's attorney must <u>immediately</u> serve a copy of this order, without attachment, on the 20 largest creditors, all secured creditors, and the United States Trustee's Office. The debtor's attorney must file a proof of service. The failure of the debtor to comply with terms of this order may result in dismissal.

**Signed on September 6, 2017**



                                                   /s/ Thomas J. Tucker
                                                   **Thomas J. Tucker**
                                                   **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

PACKARD SQUARE, LLC,

Debtor.
_____/

Case No. 17-52483

Chapter 11

Judge Thomas J. Tucker

**PROPOSED ORDER ESTABLISHING DEADLINES AND PROCEDURES**

After reviewing the schedules and statement of financial affairs and consulting with the debtor and the other parties[1] who appeared at the initial status conference, the Court concludes that this case is appropriate for the procedures set forth in this order, and establishes the following deadlines, hearing dates and procedures. The purpose of this order is to expedite the debtor's reorganization and to secure "the just, speedy, and inexpensive determination of [this] case . . . ." Fed. R. Bankr. P. 1001.

**1. Deadlines and Hearing Dates.** The following deadlines and hearing dates are established:

a. The deadline for the debtor to file motions (see ¶ 6) is **November 6, 2017**. This is also the deadline to file all unfiled overdue tax returns. The case will not be delayed due to unfiled tax returns.

b. The deadline for parties to request the debtor to include any information in the disclosure statement (see ¶ 3) is **December 4, 2017**.

c. The deadline for the debtor to file a combined plan and disclosure statement (see ¶ 2) is **January 3, 2018**.

d. The deadline to return ballots on the plan, as well as to file objections to final approval of the disclosure statement and objections to confirmation of the plan, is **February 7, 2018**. The completed ballot form must be returned by mail to the debtor's attorney: David G. Dragich, 17000 Kercheval Avenue, Suite 210, Grosse Pointe Woods, MI 48230.

e. The hearing on objections to final approval of the disclosure statement and confirmation of the plan will be held on Wednesday, **February 14, 2018** at 11:00 a.m., in Room 1925, 211 W. Fort Street, Detroit, Michigan.

f. The deadline for all professionals to file final fee applications (see ¶ 7) is 30 days after the confirmation order is entered.

g. The deadline to file objections to this order (see ¶ 8) is 21 days from date this order is entered.

---

[1] For purposes of this order, the terms, "party" or "parties" refers to the debtor, the creditors, the interest holders, and the United States Trustee.

1

h. The deadline for taxing authorities to file a motion to allow an administrative expense (see ¶ 9) is **January 3, 2018**.

i. The deadline to file a motion to extend the deadline to file a plan (see ¶ 10) is **December 4, 2017**.

j. The deadline to file a motion to extend the time to file a motion to assume or reject a lease under 11 U.S.C. § 365(d)(4) is **December 4, 2017**. Counsel for the debtor must consult with the courtroom deputy to assure that such a motion is set for hearing before **January 3, 2018**.

k. These dates and deadlines are subject to change upon notice if the debtor files a plan before the deadline in paragraph c above.

**2. The Plan.** The debtor must begin to negotiate the terms of a plan of reorganization and a disclosure statement as soon as practicable. See 11 U.S.C. §1106(a)(5). By the deadline established in paragraph 1c, the debtor must file a plan of reorganization and a disclosure statement combined into one document. If the debtor fails to meet this deadline, the case may be dismissed or converted to chapter 7 pursuant to 11 U.S.C. §1112(b)(4).

**3. Preparation of the Disclosure Statement.** It is the policy of the Court to eliminate unnecessary, time-consuming, and costly litigation concerning the adequacy of the disclosure statement. Accordingly, in preparing the disclosure statement, the debtor (1) must include all information in the "Requirements for Information to Include in the Combined Plan and Disclosure Statement," prepared by the Court (this document may be found on the Court's web site, at http://www.mieb.uscourts.gov/forms/plan_tucker.pdf); and (2) must consider any request by any party to include any additional information. Any such request must be submitted to the debtor's attorney by the deadline established in paragraph 1(b). The parties must submit to the Court for informal resolution any disputes about the disclosure statement before the debtor files it. This informal resolution may be requested in a telephone conference call. Unless good cause is shown, the Court will not consider any objection to a disclosure statement asserted by anyone who has not participated in the procedures set forth in this paragraph.

**4. Preliminary Approval of the Disclosure Statement.** When the debtor files the combined disclosure statement and plan, the Court will consider whether to grant preliminary approval of the disclosure statement.[2] If the Court does not grant preliminary approval, the Court will issue an order or schedule an expedited hearing with such notice as the Court deems appropriate, to advise the debtor's attorney of the Court's decision. When the Court does enter an order granting preliminary approval, the debtor may then begin soliciting acceptances of the plan. Within three days after the entry of the order granting preliminary approval, the debtor must arrange to mail that order, the combined plan and disclosure statement, any other statement approved by the Court pursuant to Rule 3017(d), and a ballot, to whomever is entitled by law to service.

**5. The Combined Hearing on the Plan and Disclosure Statement.** Subject to paragraph 3, parties may file objections to the disclosure statement and to the plan by the deadline established in paragraph 1d above. An objection to a disclosure statement must state with particularity the objecting party's participation in the procedures set forth in paragraph 3. Objections must be served on the attorney for the debtor, the attorney and the chairperson of any official committee, and the United States Trustee.

---

[2] Counsel for the debtor is advised that preliminary approval will be granted only to a disclosure statement that contains the information required in the "Requirements for Information to Include in the Combine Plan and Disclosure Statement," which may be found on the Court's website at http://www.mieb.uscourts.gov/forms/plan_tucker.pdf.

A proof of such service must be filed with the objections. Objections which are not timely filed and served will be deemed waived. If, after considering objections, the Court does not approve the disclosure statement, the Court will not consider confirmation of the plan.

      **6. Expediting the Debtor's Reorganization.** If necessary to file a plan by the deadline established in this order, the debtor must file any motions or requests to value security pursuant to L.B.R. 9014-1 by the deadline established in paragraph 1a above.

      **7. Fee Applications.** Unless the Court orders otherwise, each professional may file one and only one final fee application. Such applications must be filed under L.B.R. 2016-1 and L.B.R. 9014-1 by the deadline set forth in paragraph 1f, above.

      **8. Deadline to File Objections to this Order.** Any objection to this order must be filed by the deadline set forth in paragraph 1g, above. Objections not timely filed are waived.

      **9. Motions to Allow Administrative Expense.** Taxing authorities may file a request for payment of an administrative expense at anytime pursuant to 11 U.S.C. § 503(a). Any request for an order allowing any such administrative expense, pursuant to 11 U.S.C. § 503(b), must be made under L.B.R. 9014-1 by the deadline set forth in paragraph 1h, above.

      **10. Motions to Extend the Deadline to File a Plan and Disclosure Statement.** Any such motion must be filed by the deadline in paragraph 1i. The motion must demonstrate by affidavit or otherwise that the request is necessary due to extraordinary and unforeseen circumstances. The Court will schedule a hearing, and counsel for the debtor must serve the motion and a notice of the hearing to the U.S. Trustee, all secured creditors, the 20 largest unsecured creditors and counsel for the creditors' committee, if any, and must file a proof of service.