UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                              Case No. 17-52483

PACKARD SQUARE LLC,                        Chapter 11

                Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTION
FOR RECONSIDERATION (DOCKET # 160)
OF THE COURT'S ORDER DENYING DEBTOR'S MOTION
TO OBTAIN POST-PETITION FINANCING**

       This case is before the Court on the Debtor's motion entitled "Debtor Packard Square, LLC's Motion for Reconsideration of the Court's Denial of Its Debtor-In-Possession Financing," filed October 30, 2017 (Docket # 160, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's October 13, 2017 Order entitled "Order Denying the Debtor's Motion to Obtain Post-Petition Financing" (Docket # 143, the "DIP Loan Denial Order").

       The Court will deny the Motion, for the following reasons.[1]

       **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* E.D. Mich. LBR 9024-1(a)(3).

       **Second**, the Court finds that the Motion does not demonstrate any valid ground for relief from the DIP Loan Denial Order under Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, or any other valid ground for relief from the DIP Loan Denial Order.

---

     [1]      Several parties filed "concurrences" in support of the Debtor's Motion. By a separate order entered today, the Court has stricken all of these "concurrences," because they each amount to a "response" to the Debtor's Motion, and as such, are expressly prohibited by E.D. Mich. LBR 9024-1(a)(2) and 9024-1(b). These local rules state, with respect to a motion for reconsideration, that "[n]o response to the motion . . . will be allowed unless the court otherwise orders;" and with respect to a motion under Civil Rule 59(e), "no response may be filed . . . unless the court so orders." This Court did not order that any response to the Debtor's Motion could be filed.

       In addition, having read all of the "concurrences," the Court concludes that even if it considered the concurrences in ruling on the Debtor's Motion, the Court still would deny the Motion, for all of the reasons stated in this Order.

**Third**, the Motion, in part, "merely presents the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication," and "will not be granted" on the basis of any such issues. *See* E.D. Mich. LBR 9024-1(a)(3).

**Fourth**, the Motion, in part, seeks to present new arguments not made, and new evidence not presented, before the Court entered the DIP Loan Denial Order. The Debtor cannot make such arguments or present such evidence on a motion for reconsideration, or in a Civil Rule 59(e) motion; but rather, has waived them. As the United States Court of Appeals for the Sixth Circuit held, in affirming a district court's denial of a motion under Civil Rule 59(e) and a motion for reconsideration,

> **It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."** *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir.2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. **Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier**. *See, e.g., Sommer* [*v. Davis*], 317 F.3d [686,] 691 [(6th Cir. 2003)]; *CGH* [*Transp. Inc. v. Quebecor World, Inc.*], 261 F.App'x [817,] 824 [(6th Cir. 2008)] (affirming denial of reconsideration and stressing: "It is hard to imagine how an affidavit from one of [plaintiff's] own witnesses would have been previously unavailable to [plaintiff], and [plaintiff] has not explained why it failed to introduce this evidence in opposition to summary judgment.").

*Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014)(emphasis added); *see also Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd*), 486 F.3d 940, 947 (6th Cir. 2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.");[2] *In re Madison Heights Grp., LLC*, 506

---

[2] The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases . . . or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted)("[W]e will review such objections [*i.e.*, objections to a party's materials submitted in support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

B.R. 734, 736 (Bankr. E.D. Mich. 2014) and cases cited therein (arguments raised for the first time in a motion for reconsideration are untimely, waived, and forfeited on appeal).

As one of many examples of such an impermissible new argument and new evidence in the Motion, the Debtor argues that it would have the ability to make adequate protection payments to Canyon, which it says should be $271,250.00 per month, if the Court permitted the Debtor to obtain post-petition financing in a new, higher amount than originally proposed from its proposed lender, Ardent. (*See* Motion at 4-11). Until it filed its reconsideration motion, however, Debtor never made this argument, and never proposed to provide adequate protection to Canyon by making any monthly payments. Rather, the only form of adequate protection Debtor argued and offered was the alleged equity cushion in its property. And the Debtor never argued that it had any ability to pay any adequate protection payments to Canyon. Rather, Debtor's DIP Loan Motion was premised on the facts that (1) the Debtor needed the post-petition financing it sought because without such financing, the Debtor had no money and no means with which to pay for any work on completing the Project; and (2) the Debtor could not obtain post-petition financing in any way other than by providing its DIP lender with a lien that primed all other liens.

Thus, the Debtor waived any argument that it could somehow provide adequate protection through monthly "adequate protection" payments to Canyon.

Moreover, even if the Court were to consider the merits of the Debtor's new argument about adequate protection payments, the argument does not make sense. The monthly adequate protection payments that the Debtor now says it could make to Canyon would come from proceeds of the DIP loan that the Debtor would obtain from Ardent, and according to the new term sheet the Debtor attached as Exhibit 7 to its reconsideration motion, that loan still would have to be secured by a priming ("first priority") lien, with priority over all other liens. So under the Debtor's new (waived) adequate protection argument, all of the DIP loan money Debtor would borrow to make monthly payments to Canyon would come from increasing, dollar for dollar, the amount by which Canyon's liens would be primed in order to make such payments. In other words, each time the Debtor borrowed $271,250.00 to make a monthly "adequate protection" payment to Canyon, Canyon's liens would be primed by that same borrowed amount. Then the payment of that amount to Canyon would merely cancel out that priming, in the same amount — in other words, a wash. So such monthly "adequate protection" payments would adequately protect Canyon's liens only to the extent they were primed by the Debtor's borrowing to make those payments. Such monthly payments would provide no adequate protection — no protection whatsoever — for the priming of Canyon's liens that would occur from the Debtor's DIP loan borrowing for all other purposes (paying for work on the Project and for Debtor's Chapter 11 case expenses.)

---

The Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.

3

**Fifth**, the Court will respond briefly to the Debtor's complaint in the Motion about one of the Court's evidentiary rulings made during the evidentiary hearing on September 19, 2017. The Court sustained an objection by Canyon, and struck, on relevance grounds, Craig Schubiner's testimony pointing to one of the Debtor's exhibits, DX-6, in which Canyon had admitted that it did not fully fund its loan to the Debtor during the months of June, July, and August 2016. (9/19/17 Tr. (Docket # 151) at 111-113). Regardless of whether such evidentiary ruling was erroneous, it certainly was harmless. Mr. Schubiner had just testified, without objection and without exclusion, to the very same facts (*id.* at 110-111), and the very exhibit (DX-6) he was pointing to in his excluded testimony had itself already been admitted into evidence, not excluded. In substance and effect, then, the Court excluded *nothing* that the Debtor tried to present about Canyon's alleged failure to fund the Debtor's loan. And the Debtor's Motion points to no other evidence that the Court excluded in the evidentiary hearing.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket # 160) is denied.

**Signed on December 1, 2017**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**