UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 17-52483

PACKARD SQUARE LLC,                 Chapter 11

            Debtor.                               Judge Thomas J. Tucker
_____/

## ORDER DENYING THE DEBTOR'S MOTION
## FOR RECONSIDERATION (DOCKET # 159)
## OF THE COURT'S ORDER DISMISSING THIS BANKRUPTCY CASE

       This case is before the Court on the Debtor's motion entitled "Debtor Packard Square, LLC's Motion for Reconsideration of the Court's Dismissal of Packard Square's Chapter 11 Bankruptcy," filed October 30, 2017 (Docket # 159, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the October 13, 2017 Order entitled "Order Denying Debtor's Turnover Motion; Granting Canyon's Cross-Motion; Dismissing Case, and Barring the Filing of Any New Bankruptcy Case by or Against the Debtor for a Period of Two Years" (Docket # 145, the "Dismissal Order").

       The Court will deny the Motion, for the following reasons.[1]

       **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* E.D. Mich. LBR 9024-1(a)(3).

       **Second**, the Court finds that the Motion does not demonstrate any valid ground for relief from the Dismissal Order under Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, or any other valid ground for relief from the Dismissal Order.

---

     [1]      Several parties filed "concurrences" in support of the Debtor's Motion. By a separate order entered today, the Court has stricken all of these "concurrences," because they each amount to a "response" to the Debtor's Motion, and as such, are expressly prohibited by E.D. Mich. LBR 9024-1(a)(2) and 9024-1(b). These local rules state, with respect to a motion for reconsideration, that "[n]o response to the motion . . . will be allowed unless the court otherwise orders;" and with respect to a motion under Civil Rule 59(e), "no response may be filed . . . unless the court so orders." This Court did not order that any response to the Debtor's Motion could be filed.

       In addition, having read all of the "concurrences," the Court concludes that even if it considered the concurrences in ruling on the Debtor's Motion, the Court still would deny the Motion, for all of the reasons stated in this Order.

**Third**, the Motion, in part, "merely presents the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication," and "will not be granted" on the basis of any such issues. *See* E.D. Mich. LBR 9024-1(a)(3).

**Fourth**, the Motion, in part, seeks to present new arguments not made, and new evidence not presented, before the Court entered the Dismissal Order. The Debtor cannot make such arguments or present such evidence on a motion for reconsideration, or in a Civil Rule 59(e) motion; but rather, has waived them. As the United States Court of Appeals for the Sixth Circuit held, in affirming a district court's denial of a motion under Civil Rule 59(e) and a motion for reconsideration,

> **It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."** *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir.2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. **Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier**. *See, e.g., Sommer* [*v. Davis*], 317 F.3d [686,] 691 [(6th Cir. 2003)]; *CGH* [*Transp. Inc. v. Quebecor World, Inc.*], 261 F.App'x [817,] 824 [(6th Cir. 2008)] (affirming denial of reconsideration and stressing: "It is hard to imagine how an affidavit from one of [plaintiff's] own witnesses would have been previously unavailable to [plaintiff], and [plaintiff] has not explained why it failed to introduce this evidence in opposition to summary judgment.").

*Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014)(emphasis added); *see also Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd*), 486 F.3d 940, 947 (6th Cir. 2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.");[2] *In re Madison Heights Grp., LLC*, 506

---

[2] The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases . . . or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted)("[W]e will review such objections [*i.e.*, objections to a party's materials submitted in support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

B.R. 734, 736 (Bankr. E.D. Mich. 2014) and cases cited therein (arguments raised for the first time in a motion for reconsideration are untimely, waived, and forfeited on appeal).

**Fifth**, the Debtor is incorrect in its argument that it did not have proper notice regarding the possible dismissal of this case. This is so for several reasons, including the following.

The first reason is that Canyon's motion seeking suspension of this bankruptcy case under Bankruptcy Code § 305(a) sufficiently raised the issue of possible dismissal. As the Court pointed out in its October 13 opinion (Docket # 144), § 305(a) is an abstention provision, under which the Court has discretion to either suspend or dismiss a bankruptcy case. A motion seeking abstention under § 305(a), such as the one filed by Canyon, inherently raises the possibility of either suspension or dismissal.

And when Canyon's written motion sought a "suspension" of this case, what it sought was a "suspension of **all proceedings in this bankruptcy case** . . . pending further order of the Court to allow the receivership case to proceed in Washtenaw County Circuit Court," paired with relief from the automatic stay "to permit all parties in interest to proceed in the receivership case." (Docket # 28-1 (proposed order) at 2) (emphasis added). Such "suspension" relief under § 305(a) would have been the practical equivalent of a dismissal of this bankruptcy case.

This Court chose dismissal because it was a clearer, simpler form of obtaining in substance the same result requested by Canyon's motion, and one less likely to lead to "any needless confusion or doubt about the ability of the Receiver and the state court in the receivership case to carry on, as if no bankruptcy had been filed." (Docket # 144 at 25).

A second reason why the Debtor's notice argument fails is that at the September 13, 2017 hearing, Canyon argued for *suspension or dismissal* of this bankruptcy case under § 305(a), as part of the relief it sought. (*See* 9/13/17 Tr. (Docket # 150) at 120, lns. 21-24, 127, lns. 5-8).

And during the September 13 hearing, the United States Trustee argued that if the Court granted Canyon's motion under Bankruptcy Code § 543(d) to excuse turnover by the Receiver, the Court should either dismiss or convert this bankruptcy case to Chapter 7. The United States Trustee argued that under § 305(a), as between suspension or dismissal, the Court should dismiss because suspension would not be workable. Counsel for the United States Trustee argued as follows:

> Certainly from our position if the receiver was left in control, so if
> the Court did basically suspend the case and allow the receiver to
> be in control, then essentially the [Debtor] is in possession of

---

The Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.

3

> nothing. And actually at that point this case would be in a position where we believe **then the best interest would be for it to be dismissed**, possibly converted to a Chapter 7. It probably would be not worth it to appoint a Chapter 11 trustee because again the Chapter 11 trustee would have presumably nothing to oversee because there would be nothing to be in possession over by a debtor. . . . **I think you can tell suspension we don't believe is going to work in this case.**

(*Id.* at 159) (emphasis added).

Thus, the Debtor had ample notice that one of the issues before the Court was whether to dismiss (rather than "suspend") this case under § 305(a).

**Sixth**, the Debtor's Motion fails to demonstrate that the state court in the receivership case cannot hear and determine, fairly and fully, all of the issues and disputes the Debtor raises. The Court addressed this at pages 23-24 of its October 13 opinion (Docket # 144). The Debtor's Motion does not show any particular reason why litigating all the many disputes in this Court would be more speedy, efficient, or complete than litigating them in the state court.

Nor does the Debtor's Motion show any persuasive reason why the Debtor cannot obtain in substance the same relief it says it wants to pursue in bankruptcy, outside of bankruptcy, by either obtaining financing to pay off the Canyon and Receivership loans or to purchase the property at a future state court sale of the property by the Receiver. To the extent the Debtor says that litigation over claim issues or other issues must be concluded before the Debtor can refinance and pay off the loans or obtain a sale of the property, such litigation can occur outside of bankruptcy, in the state court.

**Seventh**, the Debtor is incorrect in arguing that this Court erred in barring the filing of a new bankruptcy case by or against the Debtor for two years. The Court's October 13 opinion (Docket # 144 at 25) cited Bankruptcy Code §§ 105(a) and 349(a) as authority for such a bar. This Court has such authority under § 349(a), for "cause," and under § 105(a), as "necessary or appropriate to carry out the provisions of this title" and as "necessary or appropriate to enforce or implement court orders . . . or to prevent an abuse of process."

Without such a bar to refiling, the Court has little doubt that the Debtor would file a new Chapter 11 bankruptcy case promptly after dismissal of this case, which would reimpose the automatic stay and once again bring all action on the construction Project and in the state court receivership case to a halt, leading to more of the same type of delay that the filing of this bankruptcy case did. And the Debtor would seek to relitigate in such a new bankruptcy case all the same issues that this Court decided in this case, after much effort and expense incurred by all the parties. And if the Court barred the Debtor from refiling, but did not also bar the other parties in interest, one of more of the creditors could file an involuntary bankruptcy case against

4

the Debtor, leading to the same result as if the Debtor had filed the new case.

To avoid an abuse of the bankruptcy system that would be caused by any such attempted evasion by anyone of this Court's decisions in this case, the two-year bar to refiling is absolutely necessary.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket # 159) is denied.

**Signed on December 1, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**